# Third District Court of Appeal

## State of Florida

Opinion filed December 1, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-448
Lower Tribunal No. F08-47434
_____

**William Padron,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal conducted pursuant to Anders v. California, 386 U.S. 738 (1967), from the Circuit Court for Miami-Dade County, Nushin G. Sayfie, Judge.

William Padron, in proper person.

Ashley Moody, Attorney General, for appellee.

Before FERNANDEZ, C.J., and EMAS and BOKOR, JJ.

PER CURIAM.

Affirmed.  See McCoy v. Louisiana, ___ U.S. ___, 138 S. Ct. 1500, 1509 (2018) (holding: "When a client expressly asserts that that the objective of '*his* defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt."); Atwater v. State, 300 So. 3d 589, 591 (Fla. 2020) (affirming the trial court's denial of Atwater's motion for postconviction relief, noting that, unlike the defendant in McCoy, Atwater never expressed to counsel that he wished to maintain his innocence or objected to any admission of guilt at trial: "The crux of Atwater's argument is to fault counsel for failing to discuss with Atwater the potential trial strategy of conceding guilt").  See also Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding that a defendant must establish both constitutionally deficient performance and resulting prejudice that is "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction. . . resulted from a breakdown in the adversary process that renders the result unreliable.")